# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELORA ELMER, c/o C.R.F., | Case No. 1:22-cv-01045-SAB |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO FILE APPLICATION FOR APPOINTMENT OF GUARDIAN AD LITEM |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | (ECF No. 2) |
| Defendant. | TEN DAY DEADLINE |

    Elora Elmer, on behalf of minor C.R.F., filed this action on August 18, 2022, challenging a final decision of the Commissioner of Social Security denying an application for disability benefits. (ECF No. 1.) Plaintiff did not pay the filing fee in this action and instead filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 2.) On August 23, 2022, the Court denied the application to proceed *in forma pauperis* and ordered Plaintiff to file a long form application. (ECF No. 3.) On September 19, 2022, Plaintiff filed a long form application. (ECF No. 4.)

    Upon review of the docket, no application for the appointment of guardian ad litem has been filed. The Court will not rule on the application to proceed *in forma pauperis* until a guardian has been appointed. See Cottingham for Washington v. Bd. of Educ. of Emery Unified Sch. Dist., No. C-93-0824-DLJ, 1993 WL 79698, at *1 (N.D. Cal. Mar. 15, 1993) (quoting Williams v. Spencer, 455 F.Supp. 205, 209 (D. Md. 1978) ("[W]here leave to proceed In forma pauperis is sought to vindicate the alleged substantial rights of a minor, the financial resources of

both the minor and of the volunteer parent, next friend, or guardian Ad litem controlling the litigation should be considered in determining ability to pay the costs of litigation.")); C.C.R. v. Comm'r of Soc. Sec., No. 1:21-CV-0640-SAB, 2021 WL 1840942, at *2 (E.D. Cal. Apr. 19, 2021). Accordingly, the Court shall order Plaintiff to submit an application for the appointment of a guardian ad litem, and the Court will not rule on the pending application to proceed *in forma pauperis* until it has ruled on the issue of a guardian ad litem.[1]

Rule 17 of the Federal Rules of Civil Procedure provides, that a suit by a minor may be brought or defended by "(A) a general guardian; (B) a committee; (C) a conservator; or (D) a like fiduciary." Fed. R. Civ. P. 17(c)(1). A minor who does not have a duly appointed representative may sue by next friend or a guardian ad litem. Fed. R. Civ. P. 17(c)(2). Further, the Local Rules of the Eastern District of California state,

> Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person. See Fed. R. Civ. P. 17(c).

L.R. 202(a).

Accordingly, IT IS HEREBY ORDERED that within **ten (10) days** from the date of entry of this order, Plaintiff shall file evidence that the representative has been appointed under state law or a motion for appointment of a guardian ad litem that meets the requirements of Local Rule 202.

IT IS SO ORDERED.

Dated: **September 20, 2022**

                                         UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that the Court has previously admonished this counsel for failing to submit an application for the appointment of a guardian ad litem. See Smith v. Comm'r of Soc. Sec., No. 1:19-cv-00571-SAB (ECF No. 18).