# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELORA ELMER, c/o C.R.F., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. 1:22-cv-01045-SAB <br><br> ORDER GRANTING MOTION TO APPOINT ELORA ELMER AS GUARDIAN AD LITEM FOR C.R.F. <br><br> (ECF No. 6) |

Elora Elmer, on behalf of minor C.R.F., filed this action on August 18, 2022, challenging a final decision of the Commissioner of Social Security denying an application for disability benefits. (ECF No. 1.) On September 20, 2022, the Court ordered Plaintiff to file an application for the appointment of a guardian ad litem. (ECF No. 6.) On the same date, Plaintiff filed an application to appoint Plaintiff's mother and physical caretaker Elora Elmer. (ECF No. 6.) The Court finds good cause to grant the application.

Pursuant to Rule 17 of the Federal Rules of Civil Procedure, a representative of a minor or incompetent person may sue or defend on the minor or incompetent person's behalf. Fed. R. Civ. P. 17(c). This requires the Court to take whatever measures it deems appropriate to protect the interests of the individual during the litigation. U.S. v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash., 795 F.2d 796, 805 (9th Cir. 1986). The appointment of the guardian ad litem is more than a mere formality. Id. "A guardian ad litem is authorized to act on behalf of his ward and may make all appropriate decisions in the course of specific

litigation." Id.  A guardian ad litem need not possess any special qualifications, but he must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." AT&T Mobility, LLC v. Yeager, 143 F. Supp. 3d 1042, 1054 (E.D. Cal. 2015).  This means that the guardian ad litem cannot face an impermissible conflict of interest with the ward and courts consider the candidate's "experience, objectivity, and expertise" or previous relationship with the ward. Id. (citations omitted).

"[W]hen a parent brings an action on behalf of a child, and it is evident that the interests of each are the same, no need exists for someone other than the parent to represent the child's interests under Rule 17(c)." Gonzalez v. Reno, 86 F. Supp. 2d 1167, 1185 (S.D. Fla.), aff'd, 212 F.3d 1338 (11th Cir. 2000).  While a parent is generally appointed as a guardian ad litem, there are situations where the best interests of the minor and the interests of the parent conflict. Anthem Life Ins. Co. v. Olguin, No. 1:06-cv-01165 AWI NEW (TAG), 2007 WL 1390672, at *2 (E.D. Cal. May 9, 2007).  Therefore, a parent is not entitled as a matter of right to act as guardian ad litem for the child. Id., at *2.

The Court has considered the Plaintiff's motion and the declaration of Elora Elmer in consideration of whether to appoint her as guardian ad litem for C.R.F., and finds that no conflict that would preclude her serving as a guardian ad litem.

Accordingly, IT IS HEREBY ORDERED that:

1. The motion to appoint guardian ad litem (ECF No. 6) is GRANTED; and

2. Elora Elmer is appointed guardian ad litem for minor C.R.F.

IT IS SO ORDERED.

Dated:  **September 21, 2022**

_____
UNITED STATES MAGISTRATE JUDGE