# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELORA ELMER, c/o C.R.F.,<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 1:22-cv-01045-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND REQUIRING PLAINTIFF TO PAY THE FILING FEE<br><br>ORDER DIRECTING CLERK OF THE COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE<br><br>(ECF No. 4)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

    Elora Elmer, on behalf of minor C.R.F., filed this action on August 18, 2022, challenging a final decision of the Commissioner of Social Security denying an application for disability benefits. (ECF No. 1.) Plaintiff did not pay the filing fee in this action and instead filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF No. 2.) On August 23, 2022, the Court denied the application to proceed in forma pauperis and ordered Plaintiff to file a long form application. (ECF No. 3.) On September 19, 2022, Plaintiff filed a long form application. (ECF No. 4.)

    In order to proceed in court without prepayment of the filing fee, a plaintiff must submit an affidavit demonstrating that he "is unable to pay such fees or give security therefor." 28

1 U.S.C. § 1915(a)(1).  The right to proceed without prepayment of fees in a civil case is a
2 privilege and not a right.  Rowland v. California Men's Colony, Unit II Men's Advisory Council,
3 506 U.S. 194, 198 n.2 (1993); Franklin v. Murphy, 745 F.2d 1221, 1231 (9th Cir. 1984)
4 ("permission to proceed *in forma pauperis* is itself a matter of privilege and not right; denial of
5 *in forma pauperis* status does not violate the applicant's right to due process").  A plaintiff need
6 not be absolutely destitute to proceed *in forma pauperis* and the application is sufficient if it
7 states that due to his poverty he is unable to pay the costs and still be able to provide himself and
8 his dependents with the necessities of life.  Adkins v. E.I. DuPont de Nemours & Co., 335 U.S.
9 331, 339 (1948).  Whether to grant or deny an application to proceed without prepayment of fees
10 is an exercise of the district court's discretion.  Escobedo v. Applebees, 787 F.3d 1226, 1236 (9th
11 Cir. 2015).  The Court considers the financial resources of the parent or guardian ad litem that is
12 bringing the action on behalf of the minor.  See Cottingham for Washington v. Bd. of Educ. of
13 Emery Unified Sch. Dist., No. C-93-0824-DLJ, 1993 WL 79698, at *1 (N.D. Cal. Mar. 15, 1993)
14 (quoting Williams v. Spencer, 455 F.Supp. 205, 209 (D. Md. 1978) ("[W]here leave to proceed
15 In forma pauperis is sought to vindicate the alleged substantial rights of a minor, the financial
16 resources of both the minor and of the volunteer parent, next friend, or guardian Ad litem
17 controlling the litigation should be considered in determining ability to pay the costs of
18 litigation.")); C.C.R. v. Comm'r of Soc. Sec., No. 1:21-CV-0640-SAB, 2021 WL 1840942, at *2
19 (E.D. Cal. Apr. 19, 2021).

20       Plaintiff[1] states that her average gross monthly income during the past 12 months totals
21 $4,800.00, and is expected to be $5,097.00 next month.  (ECF No. 4 at 1-2.)  Specifically,
22 Plaintiff claims she received $4,000 per month in employment income working for In Home
23 Supportive Services, since July 2018 until the present, and $800 in food stamps.  (Id.)  In this
24 regard, Plaintiff proffers that the expected increase of $297 is child support from a parent of one
25 of the children, but the parent does not pay the support, and in the past 12 months, he has only

---

[1] Plaintiff generally refers to the parent guardian ad litem.

paid one time.[2] Plaintiff proffers she has $30.00 in her checking account.

In assessing whether a certain income level meets the poverty threshold under Section 1915(a)(1), courts look to the federal poverty guidelines developed each year by the Department of Health and Human Services. See, e.g., Paco v. Myers, No. CIV. 13-00701 ACK, 2013 WL 6843057 (D. Haw. Dec. 26, 2013); Lint v. City of Boise, No. CV09-72-S-EJL, 2009 WL 1149442, at *2 (D. Idaho Apr. 28, 2009) (and cases cited therein). Plaintiff claims four dependents. The 2022 Poverty Guidelines for the 48 contiguous states for a household of five is $32,470, and $37,190 for a household of six.[3] 2022 Poverty Guidelines, https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited September 21, 2022).

Although income is significant, Plaintiff also claims significant expenses, proffering a total of $5,507.60 in monthly expenses. Plaintiff proffers $1,800 in monthly rent, $350 for utilities, $125 for home maintenance,[4] $800 for food, and $160 a month for medical and dental expenses.[5] Plaintiff also adds that she spent an estimated $800 this past month using credit cards and the last of her savings to purchase school clothes for the children, and school supplies. (Id. at 5.)

Under recreation and entertainment, Plaintiff proffers $270 in monthly expenses, specifying it is for cell phone and internet. The Court notes utilities are supposed to encompass telephone costs. In total, Plaintiff claims $620 in monthly utilities, internet, and phone costs, and if including home maintenance costs, it appears Plaintiff is claiming $745 per month in utilities, internet, and associated costs for maintaining and living in her rented apartment. These amounts appear excessive for a claim of poverty.

---

[2] To be clear, if one payment was made in the last 12 months, Plaintiff's average monthly income over the previous 12 month period would be increased by $24.75 ($297/12), for an average monthly income of $4,824.75 over the preceding 12 month period.

[3] It does not appear that Plaintiff claims she takes care of a spouse.

[4] It is not clear what this amount of expenses each month would include for a rented property, but the Court presumes it includes things like cleaning supplies, or perhaps cleaning services.

[5] Plaintiff lists these expenses as for a special helmet and glasses for her son, but it is not clear why these items would be a monthly expense.

Turning to transportation costs, these appear even more excessive for a claim of poverty. Plaintiff owns a 2018 Nissan Armada, now valued at approximately $24,000. Plaintiff pays $600 per month for the car payment; $360 per month for car insurance, and $900 in transportation costs which the Court assumes pertains to gasoline and perhaps maintenance. Thus, Plaintiff claims she is currently paying $1,860 per month to drive one vehicle. Plaintiff proffers she has to drive to work, Valley Children Hospital once a week, and other activities. The Court understands gasoline prices have gone up and a large vehicle is helpful for a family with multiple children, nonetheless, $1,860 in monthly transportation costs for one vehicle, is inconsistent with a finding of poverty.

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's application to proceed *in forma pauperis* be DENIED and Plaintiff be ordered to pay the $402.00 filing fee for this action.

The Clerk of the Court is DIRECTED to randomly assign this matter to a district judge.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **fourteen (14) days** of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 21, 2022**

UNITED STATES MAGISTRATE JUDGE

4